# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL TURNER, | ) |
| Plaintiff, | ) Case No. 19-cv-00272 |
| v. | ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Turner filed his first amended complaint asserting claims against defendant City of Chicago for unlawful arrest and excessive force in violation of the Fourth Amendment seeking to hold the City liable under *Monell v. Department of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See* 42 U.S.C. § 1983. The City moves to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Court grants the City's motion without prejudice and grants Turner leave to file a second amended complaint in accordance with this ruling.

**Background**

Michael Turner was the owner of an automobile repair shop located at 10000 S. Halsted Street in Chicago. On January 14, 2017, Turner was sitting in a parked vehicle in front of his shop. The vehicle was not running and Turner did not have the vehicle's keys. Two Chicago police officers arrived on scene and asked Turner what he was doing. The officers then instructed Turner to exit his vehicle, put handcuffs on Turner, and searched his vehicle. The officers attempted to put Turner in their police vehicle and told Turner that he was driving without a license.

Turner verbally protested and explained that the vehicle was his wife's vehicle, that he did not have the keys, and that he was not driving it. At some point during the arrest, Turner was

knocked to the ground and beaten and kicked by the officers until he became unconscious. Turner was then taken to Roseland Community Hospital for treatment and was informed that he was under arrest. Turner was then taken to Cermak Hospital, part of the Cook County Department of Corrections, and placed on lockdown for six days while recovering from his injuries, which included seven broken bones in his face.

The Cook County State's Attorney's Office prosecuted Turner for felony charges. Unable to make bond for those charges, Turner was detained from January 14, 2017 to March 2, 2017. A Circuit Court of Cook County judge then heard Turner's case and found him not guilty.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

"There is no respondeat superior liability for municipalities under 42 U.S.C. § 1983." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 598 (7th Cir. 2019). A municipality, however, is subject to liability if one of its policies or customs directly resulted in a constitutional deprivation. *Monell*, 436 U.S. at 691; *Ruiz-Cortez*, 931 F.3d at 598. This deprivation can be caused by an express municipal

2

policy, a widespread custom or practice, or a decision by a municipal agent with final policymaking authority. *Ruiz-Cortez*, 931 F.3d at 598; *Levy v. Marion Cty. Sheriff,* 940 F.3d 1002, 1010 (7th Cir. 2019). In addition to a municipal action as outlined above, to establish *Monell* liability, a plaintiff must also prove deliberate indifference and causation. *Ruiz-Cortez*, 931 F.3d at 598. A prerequisite to deliberate indifference is that "the defendant must have actual or constructive notice of a problem." *Miranda v. County of Lake*, 900 F.3d 335, 345 (7th Cir. 2018).

Turner first alleges that his unlawful arrest arises out of the City's policy or practice of failing to train police officers on the use of *Terry* stops and the reasonable suspicion standard. Failure to train "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011) (citation omitted); *see also Canton*, 489 U.S. at 391 ("the identified deficiency in a city's training program must be closely related to the ultimate injury.").

To show a pattern of similar constitutional violations, Turner relies on a Consent Decree between the State of Illinois and the City of Chicago as approved in *Illinois v. City of Chicago*, No. 17-CV-6260, 2019 WL 398703 (N.D. Ill. Jan. 31, 2019). That lawsuit sought to enjoin the Chicago Police Department "from engaging in a repeated pattern of using excessive force, including deadly force, and other misconduct that disproportionately harms Chicago's African American and Latino residents." *Id.* at *1. The Consent Decree speaks to racial profiling and excessive force setting forth steps that the Chicago Police Department will make to undertake reform. On the other hand, the Consent Decree does not specifically speak to *Terry* stops and the reasonable suspicion standard. Without more, Turner has failed to sufficiently allege a pattern of similar violations concerning *Terry*

3

stops and the reasonable suspicion standard because the conduct in the Consent Decree is not closely related to his allegations. *See Iqbal*, 556 U.S. at 678 (complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Turner also alleges that his excessive force claim arises from a policy or practice of failing to train police officers on the proper use of reasonable force when interacting with the public. Although the Consent Decree certainly speaks to excessive force, it is not until Turner's response brief that he fleshes out the similar pattern involved relying on the Department of Justice's January 13, 2017 report investigating the Chicago Police Department. It is well-settled, however, that "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). The Court therefore grants defendant's motion, but also grants Turner leave to file a second amended complaint in accordance with this ruling. On a final note, the defendant's hearsay arguments are misplaced at this procedural posture.

**Conclusion**

For the forgoing reasons, this Court grants defendant's motion to dismiss without prejudice and grants plaintiff leave to re-allege his failure to train claims. Plaintiff's second amended complaint is due on or before December 30, 2019.

IT IS SO ORDERED.

Date: 12/4/2019  Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge